UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**CHERYL A. DARBY,**

                           **Plaintiff,**

                   **-v-**                                            5:11-CV-1442(NAM/ATB)

**COMMISSIONER OF SOCIAL SECURITY,**

                           **Defendant.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Olinsky Law Group                                  Michael J. Telfer, Esq.
One Park Place, 300 South State Street
Syracuse, New York 13202
*For Plaintiff*

Stephen P. Conte                                    Katrina Lederer,
Regional Chief Counsel                         Special Assistant U.S. Attorney
Social Security Administration
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
*For Commissioner*

**Hon. Norman A. Mordue, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(d), United States Magistrate Judge Andrew T. Baxter issued an excellent and thorough Report Recommendation (Dkt. No. 16) recommending that this Court affirm the decision of the Commissioner and dismiss the complaint (Dkt. No. 1) in its entirety. Plaintiff objects (Dkt. No. 17). Under 28 U.S.C. § 636(b)(1)(C), this Court is required to review de novo those parts of a report and recommendation

to which a party specifically objects. "If no objections are filed, or where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition,' reviewing courts should review a report and recommendation for clear error." *Edwards v. Fischer*, 414 F.Supp.2d 342, 346-67 (S.D.N.Y. 2006) (quoting *Vega v. Artuz*, No. 97Civ.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)).

Plaintiff's objections are comprised of quotations from and references to her original memorandum of law (Dkt. No. 12) followed by conclusions that the Magistrate Judge's recommendation should be rejected.[1] Since plaintiff has not advanced any specific objection to the Report Recommendation, the Court reviews for clear error. *Id*. Having reviewed the Report Recommendation and the Administrative Transcript, (Dkt. No. 8), the Court finds no clear error. Indeed, even upon de novo review, the Court accepts and adopts the Report Recommendation in full.

It is therefore

**ORDERED** that the Report and Recommendation (Dkt. No. 16) is **accepted and adopted**; and it is further

---

[1] For example, plaintiff asserts that the Court should reject the Magistrate Judge's recommended finding that the weight the Administrative Law Judge gave to plaintiff's therapist was supported by substantial evidence because:

> As noted in Plaintiff's brief, (Dkt. No. 12) therapist Levy's opinion was unsupported by objective medical evidence. "In January 2007, Dr. Ursino found [Plaintiff's] '[l]ong-term recall was often vague[,]' her [i]nsight and judgment were moderately impaired[,] and 'she [was] functioning in the borderline range of intellectual abilities.'" See Dkt. No. 12 at 20 (quoting T[ranscript] 253).

Dkt. No. 17, p.1-2.

**ORDERED** that the decision of the Commissioner is **Affirmed**; and it is further

**ORDERED** that the complaint (Dkt. No. 1) is **Dismissed.**

**IT IS SO ORDERED.**

**DATED:**  March 27, 2013
Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge